■ In the Matter of IRVING NAROFF, Petitioner, v JAMES B. TULLY et al., Constituting the State Tax Commission, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a deficiency of unincorporated business taxes and interest imposed under article 23 of the Tax Law against the petitioner for the taxable years 1963, 1964 and 1965. Petitioner challenges on this proceeding the determination of respondents which assessed a deficiency against him determining that there was additional unincorporated business tax liability due for years 1963, 1964 and 1965, plus interest in the total amount of $3,426.14. The evidence in the record establishes that the facts are as follows. The petitioner has been carrying on an unincorporated business under the trade name of Triangle Knitwear Mills since 1940 in which he was engaged in the knitting, cutting and sewing of garments on

a contract basis. In 1950 Chevy Chase Knitwear Mills, Inc., was incorporated by the petitioner. During the years under review it was owned by the petitioner and his son. The petitioner is the principal stockholder of the corporation. The corporation is engaged in the design and sale of ladies wear. In 1960 Betty Manufacturing Co., Inc., was incorporated as a wholly owned subsidiary of Chevy Chase Knitwear Mills, Inc. Betty Manufacturing Co., Inc., is in the business of sewing, finishing and boxing of garments on a contract basis. The petitioner acts as adviser to Betty Manufacturing Co., Inc. The petitioner financed Chevy Chase Knitwear Mills, Inc. He purchased the material for the corporation and acted as its adviser. The petitioner, in his unincorporated business, and Betty Manufacturing Co., Inc., did all of the production work for the Chevy Chase Knitwear Mills, Inc. Betty Manufacturing Co., Inc., rented all of its sewing equipment from petitioner. All of the bookkeeping for Chevy Chase Knitwear Mills, Inc., is done for it by the petitioner's unincorporated business for which no separate charge is made. All or almost all of the business done by the petitioner's unincorporated business and that of Betty Manufacturing Co., Inc., is done for Chevy Chase Knitwear Mills, Inc. Most of the petitioner's working time is spent on behalf of his unincorporated business. There is no showing as to any division of his time between the three businesses, but petitioner testified that he devoted the greatest portion of his time to Triangle. During the years in question petitioner received salaries of $20,800, $21,200 and $20,800 from Chevy Chase Knitwear Mills, Inc., and salaries of $5,400 in each of the three years from Betty Manufacturing Co., Inc. The determination of deficiency is based upon respondents' conclusion that these salaries were for services which are a part of the unincorporated business regularly carried on by petitioner within the meaning of subdivision (b) of section 703 of the Tax Law. That provision holds in pertinent part, that "The performance of services by an individual as an employee or * * * officer * * * of a corporation * * * shall not be deemed an unincorporated business, unless such services constitute part of a business regularly carried on by such individual." The clear purpose of the proviso in subdivision (b) is to prevent an individual entrepreneur from sheltering from the unincorporated business tax income which derives from the conduct of his unincorporated business in the form of salaries for services as an employee or officer of the corporate entities, in a situation where the corporate entities exist primarily to advance the business purposes of the unincorporated entity and do not have an independent and unrelated business purpose. The record before us contains substantial evidence to support the facts as hereinbefore recited, which clearly warrant the conclusion that petitioner's employment by the two corporations was not independent of, but, in fact was in furtherance of his unincorporated business. Moreover, since petitioner bears the burden of proof to establish that his salary income was not for services constituting part of his unincorporated business (Tax Law, §§ 722, 689, subd [e]), his failure to establish any relationship between the time devoted to the activities of the two corporations and the salaries received therefrom provides additional ground for sustaining the respondent's determination. We note that we have given no effect to the provisions of the regulations relied on by respondent in that they were not in effect during the taxable years in question. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.