UNITED STATES STATIONERY COMPANY, Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, May 5, 1977

*Moses & Singer (Jerome M. Lasky, David B. Eizenman* and *Irving Sitnick* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondent.

SWEENEY, J. In this article 78 proceeding petitioner, a partnership, asks us to annul respondent's determination of a deficiency assessed against it for unincorporated business tax. The facts are not in dispute and we are concerned solely with a question of law. The record reveals that petitioner was engaged in the business of selling office supplies by mail. On June 7, 1968 all of its individual partners entered into an agreement wherein each agreed to sell his entire partnership interest in the company to Perfect Film and Chemical Corporation for a specified sum of money. The partnership itself was not a party to the agreement. Thereafter, each of the partners filed individual State and Federal income tax returns and treated the sale as a capital gains transaction. Neither the State nor the Federal tax departments questioned such treatment. The partnership timely filed its final Federal partnership income tax return but did not list the gain realized by the individual partners upon the individual sales of their partnership interests. The partnership also filed a final unincorporated business tax return and reported the same items of income and deductions and the same taxable income as appeared on its Federal partnership return. After a hearing, respondent determined that the transaction "was the sale by the partnership of its assets" and "the concept of 'conformity' between the Federal Internal Revenue Code and the New York State Tax Law does not mean that New York State is precluded from imposing an unincorporated business tax". It then concluded that the gain from the sale was subject to the unincorporated business tax. This proceeding ensued.

To resolve this controversy we must examine the pertinent statute authorizing the imposition of the tax. Section 705 (subd [a]) of article 23 of the Tax Law defines unincorporated business gross income as follows: "[T]he sum of the items of income and gain of the business, of whatever kind and in whatever form paid, *includible in gross income for the taxable year for federal income tax purposes,* including income and gain from any property employed in the business, or from liquidation of the business, or from collection of installment obligations of the business, with the modifications specified in this section." (Emphasis supplied.)

The language of the statute is clear and unambiguous and specifically limits gross income to that sum which is includible as gross income for Federal income tax purposes. Under the Federal law a sale of an interest in a partnership is recognized as a gain or loss to the individual partner (US Code, tit 26, § 741). Furthermore, Internal Revenue Code regulation 1.706-1 (a) (2) states that if a partner sells all or part of his partnerhsip interest the gain or loss therefrom does not constitute partnership income, but rather is includible in the partners' gross income. From a reading of this statute and regulation we are of the view that the instant transaction did not constitute income to the partnership pursuant to Federal law. Since section 705 of the Tax Law adopted the Federal standard of gross income, respondent, under the circumstances, is not authorized to change the nature or definition of the term "unincorporated business gross income" (cf. *People ex rel. Barcalo Mfg. Co. v Knapp,* 227 NY 64). Consequently, the determination of respondent must be annulled.

The determination should be annulled, without costs, and the matter remitted for further proceedings not inconsistent herewith.

KOREMAN, P. J., KANE, MAHONEY and LARKIN, JJ., concur.

Determination annulled, without costs, and matter remitted for further proceedings not inconsistent herewith.