■ STATE OF NEW YORK, Respondent, v HOWARD STEIN, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered August 8, 1977 in Albany County, which denied defendant's motion to dismiss the complaint. Order affirmed, without costs, on the opinion of Pennock, J., at Special Term. Greenblott, J. P., Sweeney, Staley, Jr., Larkin and Mikoll, JJ., concur.

■ In the Matter of FREDERICK L. MARSHALL, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained an unincorporated business tax. Petitioner had operated a grocery since 1957. He leased the premises occupied by the business, but his lease contained an option to buy the property for $50,000. On December 30, 1969, petitioner exercised his option and purchased the property. On that same date he executed an agreement to sell the property to Mobil Oil Corporation for $118,500, closing to take place July 31, 1970. Petitioner liquidated the business in 1970, prior to the sale. He paid unincorporated business tax on the proceeds of the sale of the personal property. Respondent assessed a deficiency on the proceeds from the sale of the real estate. Subdivision (d) of section 703 of the Tax Law provides that an "individual or other unincorporated entity * * * shall not be deemed engaged in an unincorporated business solely by reason of the purchase and sale of property for his own account". Petitioner argues that he entered the transaction solely for his own account. Respondent held the proceeds to be income from the use of a business asset, and we are asked to decide whether this determination was reasonable and supported by the record. The burden here is on the taxpayer. If there are any reasonable inferences from the facts to sustain the determination, then we must confirm (Matter of Grace v New York State Tax Comm., 37 NY2d 193, 194; Matter of Tripp v State Tax Comm., 53 AD2d 763). Although a statute that levies a tax will be construed against the government, when it is the taxpayer who claims an exemption from moneys otherwise subject to taxation, he must establish that a statute plainly allows the exemption and that the exemption plainly applies to his situation (Matter of Grace v New York State Tax Comm., supra). Petitioner's business is subject to unincorporated business tax (Tax Law, art 23). Also subject to the tax is the income and gain from any property employed in the business or from liquidation of the business (Tax Law, § 705, subd [a]). Respondent examined the relevant statutes and determined that the sale in question involved assets of the business, not assets held for petitioner's own account. With this view we cannot quarrel. It is not without the realm of reason to consider the purchase of the real property to be business connected, since it was the business lease provision that allowed the purchase in the first place. Thus, if petitioner had not been in business, he would not have had the option to purchase the property and then sell it. Further, it may be inferred that the sale could not have occurred without liquidation of the business. The gain is realized only because of liquidation and this subjects petitioner to business related taxation. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Mikoll, JJ., concur.