■ In the Matter of RALPH E. MENEILLY et al., Petitioners, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained an unincorporated business tax assessment imposed under article 23 of the Tax Law. Certain property in Syracuse, New York, owned by the petitioners, was utilized in a partnership business. Raw lumber would be transported to the property in question where it would be stored and cured and then cut and planed to appropriate dimensions. The lumber would then be delivered to the company's manufacturing facility some distance away for assembly into shipping cases. There was testimony that after World War II the business fell off to a certain extent and that the lumber could thus be stored directly at the manufacturing site. Consequently, there was no necessity to use the subject property. In support of that view, petitioners produced records to indicate that the employment of the yardman had been terminated in 1954. There was also testimony by an official of a facility adjoining the property that he never observed any activity on the property and, in fact, that his company used the petitioners' property as a parking lot in return for maintaining it. In 1965 the property in question was appropriated by the State for road construction. In the Court of Claims trial resulting from the appropriation, petitioner Meneilly stated that the premises were used at the time of the appropriation as a lumber warehouse. In a letter dated February 4, 1969, petitioner Meneilly told the Department of Taxation and Finance that the property in question "was used for storing of lumber in sheds and in the open". Petitioners reported the appropriation award as a capital gain, but the Department of Taxation issued a credit statement which held that the award was subject to the unincorporated business tax because the property was being used in petitioners' business at the time of the appropriation. The petition for redetermination was denied by the State Tax Commission, which found that the property in question at the time of the appropriation contained materials stored and used in connection with the petitioners' business. Therefore, the gain realized from the condemnation of the property was includable in the unincorporated business gross income (Tax Law, § 703). In this proceeding the petitioners allege that the award for the property taken by the State is not taxable as the income of an unincorporated business because the mere "Holding, leasing or managing" of real property is not deemed to constitute the conducting of an unincorporated business (Tax Law, § 703, subd [e]). In cases such as the instant proceeding, if there are any facts or reasonable inferences from the facts to sustain the determination, this court must confirm the Tax Commission. "A determination of the Tax Commission will not be disturbed by the courts

unless shown to be erroneous, arbitrary or capricious [citations omitted]. The courts may not substitute their judgment for that of the Tax Commission 'where reasonable minds may differ as to the probative force of the evidence' " *Matter of Liberman v Gallman,* 41 NY2d 774, 777-778). In the Court of Claims case, the court found that "Before the appropriation, the property * * * had been used as a lumber storage business in conjunction with the owner's fabricating wood-working shop, carried on at another location." In addition, the letter of the petitioner to the Tax Commission, dated February 14, 1969, which stated the property in question was used for storing of lumber in sheds and in the open provides substantial evidence to support the commission's determination. A review of this record indicates that there are facts and reasonable inferences from the facts which sustain the determination of the Tax Commission and, therefore, it should not be disturbed *(Matter of Liberman v Gallman, supra).* Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Larkin and Herlihy, JJ., concur.