In the Matter of ARTHUR A. GAINES et al., as Copartners, Doing Business as GAINES, REIS & Co., et al., Petitioners, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.

Third Department, January 18, 1979

### APPEARANCES OF COUNSEL

*O'Connell & Aronowitz, P. C. (Daniel M. Sleasman* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General (Nigel G. Wright* and *Ruth Kessler Toch* of counsel), for respondents.

## OPINION OF THE COURT

HERLIHY, J.

The petitioner, Gaines, owned a New York Stock Exchange (NYSE) seat which, pursuant to the rules of the NYSE and his partnership agreement with the other individual petitioners, he was required to own and make available to the partnership in order to remain a partner. In 1967 he sold the seat and reported the income thereof as his personal income, but the partnership did not report such income for the purpose of the unincorporated business tax.

The record established that the seat was available for partnership purposes as long as Gaines was a member of the partnership and he allowed the partnership to use his seat. In particular, the seat was subject to the claims of creditors and pursuant to the rules of the NYSE, the partnership agreement provided, in part: "[T]he proceeds of his membership shall be deemed an asset of the partnership so far as may be necessary for the protection of the creditors of the partnership." However, it was also expressly stated in the partnership agreement that the seats "shall nevertheless remain the sole and individual personal properly of the partners to whom they respectively belong."

The Tax Commission has taken the position that since the seat is subject to use by the partnership, any income (gain) derived from its sale by a partner is income of the partnership subject to the unincorporated business tax. The theory utilized for imposing the tax is that the Federal authorities presently include such income as gross income upon the ground that the loan of the property (seat) to the partnership is a contribution to equity and not simply a loan and that the seat was partnership property (cf. *Michtom v United States,* 573 F2d 58). *Assumming* that the seat *could* properly be considered the property of the partnership for the purpose of allocating the gain on its sale to the partnership, there nevertheless must be substantial evidence to support the finding that it is an asset of the partnership *(Matter of Shearson, Hammill & Co. v State Tax Comm. of State of N. Y.,* 19 AD2d 245, affd without opn 15 NY2d 608).

Analysis shows that the seat, while certainly used in the business of the partnership, was never subject to any ownership control and in particular could not have been sold by the partnership. While the seat was collateral for the protection of all of the partnership's creditors, the seat was not ever made

an asset which the partnership could specifically pledge as a part of its business, nor did it appear on the partnership's books or balance sheet. While the Federal position may have changed as to the recognition of partnership income and the income from "loaned" assets since the decision in the *Shearson* case, there remains no reasonable basis for considering asset gain transactions which do not and cannot inure to the benefit of the partnership as gains attributable to such partnership as its income, where such gains are not in any way attributable to the partnership activity or business.

Finally, the application of the loaned assets doctrine to this case is superfluous as the sale of the asset terminated the partnership interest of the owner. While the proceeds of the sale would inure to the benefit of creditors of the partnership, the proceeds would not in any way belong to the partnership or be subject to its control. Since the proceeds could not in any way be used by the partnership and the contingent liability would run from the former owner of the asset to creditors of the partnership, the gain or loss is not the equivalent of debt-equity assets conversion by any reasonable interpretation. The "loan" of the seat which is relied upon in the dissent is a characterization of the transaction herein, which, to some extent, has a basis in the license to "use" the seat. However, that license or loan was clearly revoked by the sale of the seat as there is nothing to establish an interest of the partnership in the proceeds thereof. To rely upon the power of the Tax Commission to make factual determinations is no substitute for the primary role of finding a reasonable basis for invoking the fact-finding power. Such a basis is lacking in this case.

The petition should be granted, and the determination annulled, with costs.

MAHONEY, P. J. (dissenting). Pursuant to subdivision (a) of section 705 of the Tax Law, unincorporated business gross income is limited to that sum which is includible as gross income for Federal tax purposes *(United States Stationery Co. v State Tax Comm.,* 57 AD2d 187, 189). Although under Federal law partnerships are merely conduits through which the taxpaying obligation passes to the individual partners in accord with their distributive shares (US Code, tit 26, § 701), partnerships are entities for purposes of filing information returns and determining the nature of an item (see *United States v Basye,* 410 US 441). Accordingly, the question presented here is whether the gain recognized on the sale of

petitioner Gaines' stock exchange seat would be considered as partnership income under Federal principles.

There appear to be no Federal cases or rulings on point, and hence the commission sought to determine whether the stock exchange seat, though nominally the asset of Mr. Gaines, should be treated as an asset of the partnership under the "debt-equity concept" developed by Federal case law to determine whether a stockholder's advances to a corporation should be characterized as a contribution to capital rather than merely as an indebtedness. This concept has also been applied to advances to a partnership by one of its partners (see *Stanchfield v Commissioner,* 1965 USTC Memo 65, 305), In my view, since the essence of petitioner's position is that the use of his seat was merely on loan to the partnership, the commission's use of this "debt-equity concept" was appropriate.

Under this concept, whether advances are contributions to capital or loans is a question of fact *(Matthiessen v Commissioner of Internal Revenue,* 194 F2d 659, 661), and it is not the form but rather the substance of the transaction that is controlling *(Gregory v Helvering,* 293 US 465; *Gilbert v Commissioner of Internal Revenue,* 262 F2d 512). One significant factor is whether the funds were advanced with the reasonable expectation of repayment regardless of the success of the venture or were placed at the risk of the business (see *Gilbert v Commissioner of Internal Revenue, supra),* and here whether petitioner Gaines retained the proceeds of the sale of his seat, which were available as protection for the partnership's creditors, was clearly dependent upon the financial soundess of the partnership. Moreover, it is equally clear from the nature of the partnership's business that the partners' Stock Exchange seats were the essential elements of that business and, accordingly, there was no reasonable expectation that petitioner's "loan" would be repaid at any time prior to his withdrawal from the venture. Whether the alleged loans are subordinate to those held by outsiders is also an important factor to be considered *(Nassau Lens Co. v Commissioner of Internal Revenue,* 308 F2d 39, 47), and here the proceeds of petitioner's seat were expressly made an asset of the partnership for the protection of its creditors. Based upon these factors, it cannot be said that the commission's determination is not supported by substantial evidence.

It should be noted that the majority has based its decision

upon findings that the partnership had no control over petitioner Gaines' seat, either to sell it or pledge it, and that the seat did not appear as an asset on the partnership's books or balance sheets. In my view, the majority's reliance upon these factual matters reinforces the conclusion that the determination as to whether the gain from the sale of petitioner's Stock Exchange seat constitutes partnership income is a question of fact, and such questions of fact are to be determined by the commission subject to very limited judicial review. (See, e.g., *Matter of Koner v Procaccino,* 39 NY2d 258, 263; *Matter of Tripp v State Tax Comm.,* 53 AD2d 763, 764.) The courts may not substitute their judgment for that of the commission "where reasonable minds may differ as to the probative force of the evidence" *(Matter of Great Lakes Dredge & Dock Co. v Department of Taxation & Fin. of State of N. Y.,* 39 NY2d 75, 79, cert den 429 US 832). Here, as noted above, the commission's determination is supported by rationality and by substantial evidence in the record and should, therefore, be confirmed (cf. *Matter of Pell v Board of Educ.,* 34 NY2d 222).

KANE, STALEY, JR., and MAIN, JJ., concur with HERLIHY, J.; MAHONEY, P. J., dissents and votes to confirm in an opinion.

Petition granted, and determination annulled, with costs.