In the Matter of DAVID MERRICK, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.

Third Department, June 7, 1979

## APPEARANCES OF COUNSEL

*Neil H. Millman* for petitioner.

*Robert Abrams, Attorney-General (Francis V. Dow* and *Jeremiah Jochnowitz* of counsel), for respondents.

## OPINION OF THE COURT

STALEY, JR., J.

David Merrick, petitioner herein, during the years 1963 through 1967, was engaged in the following activities relevant to this proceeding: General partner in various limited partnerships that staged Broadway and out-of-town shows; sole shareholder in lighting rental corporations which were liquidated during said years; employee of David Merrick, Inc., for which he received a salary; seller of a partnership interest in Dolly Company in which gain was realized; and recipient of royalty payments for use of his name on a phonograph record jacket cover and from a royalty contract purchased from a lyricist.

During the years involved herein, petitioner was either the general partner or one of the general partners in a total of 18 stage plays presented on Broadway or elsewhere in the United States. Each of the partnerships was organized by petitioner to produce a single play, and each partnership was an entity separate from and independent of all the other partnerships. None of the plays was presented by petitioner individually.

The partnership income that petitioner received as the result of the successful production of a play by the partnership of which he was a general partner, was received solely because of his partnership interest in the partnership that produced the play.

Although the majority of petitioner's income was attributable to plays produced by partnerships in which he was the general partner, on occasions he invested in plays as a limited

partner. The income received from the limited partnership interests was determined by respondents to be income not subject to the unincorporated business tax.

Certain of the partnerships rented theatres and offices outside of New York State for the presentation of plays during the period involved herein. The partnerships did not pay unincorporated business income tax on the income earned from the presentation of plays in out-of-State theatres.

In 1966 and 1967, petitioner received salaries of $100,000 and $200,000, respectively, from David Merrick, Inc., a corporation, which was primarily in the business of furnishing office facilities to limited partnerships. Petitioner was the president of David Merrick, Inc., and its chief executive officer. The salaries were paid for petitioner's services thereto and Federal, New York State and New York City income taxes, as well as Social Security taxes, were withheld from said salaries.

In 1963 and 1964 petitioner received $4,887.92 and $467.84, respectively, from a record company that used his name on the jacket of a record it produced. The record had no connection with petitioner's activities in the theatre.

Petitioner also received royalty income from the purchase of a contract. Robert Merrill, who was the lyricist and composer of the play "Carnival", had an agreement with the entity that produced "Carnival" under which he was entitled to receive certain royalties from the production of that play. Robert Merrill sold his rights under this agreement to petitioner, who received the royalties as a result of said purchase.

During the years 1963, 1964 and 1967, petitioner realized capital gains as a result of the liquidation of the following New York State corporations of which he was the sole stockholder: In 1963, Merda Lighting Co., Inc., and Damer Lighting Co., Inc.; in 1964, Thespian Lighting Co., Inc.; and in 1967 State Lighting Co., Inc., and Vidmer Lighting Co., Inc.

Each of the above corporations, which were engaged in the business of renting lighting equipment for stage productions, filed New York State franchise tax returns for each year they were in existence and paid a New York State franchise tax on the income reflected on said returns. The assets distributed to petitioner as a result of the liquidation of said corporations represented, for the most part, the income earned by said corporations after the payment of Federal and New York State taxes on such income.

Petitioner sold most of his general partnership interest in Dolly Company under an installment contract. During each of the years 1965, 1966 and 1967, he received $500,000 in payments as the result of said sale.

The above sale by petitioner of his interest in the Dolly Company was not a sale of partnership assets, but was solely the sale of a part of the petitioner's partnership interest. The partnership continued to operate after the sale in the same manner it had operated prior to such sale.

The first issue raised is whether the income received by petitioner from the various partnerships of which he was the general partner represented unincorporated business tax income rather than distributive shares of profits as a copartner. Petitioner performed his activities as general partner of those partnerships in the pursuit of his own individual interest for a profit in the over-all business of producing stage plays. After entering into agreements of limited partnerships in which he became the sole general partner of them, petitioner undertook the sole active administration of the partnerships.

The unincorporated business tax is imposed on the net income from a trade, business or occupation wholly or partly carried on within New York State by an individual. If a taxpayer carries on two or more unincorporated businesses, all are consolidated for purposes of determining unincorporated business taxable income.

One of the agreements between petitioner, as general partner, and his limited partners provides that the petitioner's right to receive payment for rights or property is a "Producer's Management Fee—1% of weekly gross box office receipts". Petitioner also received 50% of the net profits for his services.

In *Matter of Elkind v State Tax Comm.* (63 AD2d 789), this court confirmed a determination of the State Tax Commission that income received by a general partner for managing real property of partnerships was unincorporated business income, stating that: "Since petitioner, in managing the real property, performed services for the partnerships, the owners thereof, and since he received compensation for those services, there are facts to sustain the respondent's determination and it should, therefore, be confirmed *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193)."

Respondents' determination that petitioner's income as sole general partner of the limited partnerships producing stage

plays is income subject to the unincorporated business tax was correct, and should be upheld.

■ The second item of income which petitioner contends is not subject to the unincorporated business tax consists of the salaries received from David Merrick, Inc. Services, as an employee, or as an officer or director of a corporation or association, are excluded from the definition of an unincorporated business, unless such services constitute part of a business regularly carried on by such individual (Tax Law, § 703, subd [b]).

David Merrick, Inc., was formed for the purpose of renting office space and facilities to the limited partnerships organized and used by petitioner to finance and produce stage plays. It also was the business organization used by petitioner to produce the play called "Pickwick". The record does not show that the corporation had any purpose other than to further the petitioner's unincorporated business.

The respondents found that the petitioner received a salary from a corporation engaged in the business of producing plays, leasing theatres and furnishing office facilities to entities engaged in the production of plays. Respondents concluded that the salary income was an integral part of the same business conducted by the petitioner as it related to the theatrical production of shows, and the sale and rental of theatrical and lighting equipment.

In *Matter of Naroff v Tully* (55 AD2d 755, 756), this court said: "The clear purpose of the proviso in subdivision (b) is to prevent an individual entrepreneur from sheltering from the unincorporated business tax income which derives from the conduct of his unincorporated business in the form of salaries for services as an employee or officer of the corporate entities, in a situation where the corporate entities exist primarily to advance the business purposes of the unincorporated entity and do not have an independent and unrelated business purpose."

The record herein contains substantial evidence to support the determination that the payments of salary from the corporation are includable in petitioner's income subject to the unincorporated business tax *(Matter of Seifer v State Tax Comm.,* 58 AD2d 726).

■ Petitioner also challenges whether gains realized as a result of the liquidation of New York State corporations that

he wholly owned, which were in the business of renting stage lighting equipment, are subject to the unincorporated business tax. These corporations owned and leased the lighting equipment to the partnerships formed to produce the stage plays in which petitioner was the sole partner. Respondents determined that such gains were subject to the unincorporated business tax, relying on *Matter of Naroff v Tully (supra)*. The *Naroff* case, however, deals with employee services under subdivision (b) of section 703 of the Tax Law, and does not address unincorporated business gross income under subdivision (a) of section 705 of the Tax Law. Subdivision (a) of section 705 defines "unincorporated business gross income of an unincorporated business" as "the sum of the items of income and gain of the business * * * including income and gain from any property employed in the business, or from liquidation of the business". The phrase "liquidation of the business" refers to the liquidation of an unincorporated business, and has no relation to the liquidation of an independent corporation. Respondents incorrectly included the gains from petitioner's corporations that were liquidated during the years in question (cf. *Matter of Gaines v Tully*, 66 AD2d 106).

■ Petitioner further contends that the gains realized from petitioner's sale of his interest in the Dolly Company partnership did not constitute unincorporated business gross income. The partnership continued in operation after this sale. The question is whether the sale is an item of gain from property employed in petitioner's unincorporated business of producing plays (Tax Law, § 705, subd [a]). Petitioner argues that the gain is analogous to the income received by the limited partners of the theatrical productions, and should be treated as a passive investment. Respondents assert that petitioner's interest was just part of his unincorporated business which was converted into cash when sold, and is thus taxable *(United States Stationery Co. v State Tax Comm.*, 57 AD2d 187, affd 44 NY2d 842).

In *United States Stationery Co. v State Tax Comm. (supra)*, the commission sought to tax a partnership under subdivision (a) of section 705 of the Tax Law for income on the sale of partnership interests sold by the individual partners. In that context, this court stated that a sale of a partnership interest was recognized as a gain or loss to the individual partner, and was includable in his gross income. Petitioner's gain on the sale of his interest in Dolly Company was properly included in

his unincorporated business income *(Matter of Marshall v State Tax Comm.,* 62 AD2d 1124).

■ Petitioner also questions the inclusion in his unincorporated business income of royalties he received from a record company that used his name on the jacket of a record, and royalties he received after purchasing the rights of a composer and lyricist of a play. Petitioner claims these royalties were not an integral part of his unincorporated business, and that they were simply income from a personal investment.

Subdivision (d) of section 703 provides that "[a]n individual or other unincorporated entity, except a dealer holding property primarily for sale to customers in the ordinary course of his trade or business, shall not be deemed engaged in an unincorporated business solely by reason of the purchase and sale of property * * * for his own account". Since investment activity does not constitute an unincorporated business, there is no rationale which would sustain a conclusion lumping the royalty income with unincorporated business income. The royalties were investment income which petitioner realized from investments, and they were not an "integral part" of, and had no relationship to, his business, and should not have been included in his unincorporated business income. In addition, respondents made no finding that royalty income was subject to the unincorporated business tax.

■ Petitioner next maintains that assuming he is considered to have carried on an unincorporated business, he should be allowed, under subdivision (a) of section 707 of the Tax Law, to allocate earnings made in and out of the State. Each play of which he was general partner earned money out of the State in addition to money earned in New York.

Subdivision (a) of section 707 of the Tax Law states: "(a) General. If an unincorporated business is carried on both within and without this state, as determined under regulations of the tax commission, there shall be allocated to this state a fair and equitable portion of the excess of its unincorporated business gross income over its unincorporated business deductions. If the unincorporated business has no regular place of business outside this state, all of such excess shall be allocated to this state."

Regardless of earnings from out-of-State theatres, respondents found that petitioner did not maintain any regular place of business outside the State of New York. Petitioner should not be allowed to allocate earnings within and without the

State *(Matter of McMahan v State Tax Comm.,* 45 AD2d 624, 627, mot for lv to app den 36 NY2d 646; cf. *Matter of Giordano v State Tax Comm.,* 52 AD2d 691, mot for lv to app den 40 NY2d 803).

The determination should be modified by annulling so much thereof as included in petitioner's unincorporated business income gains from the liquidation of the incorporated lighting companies and the royalties received from the use of petitioner's name on the jacket of a recording and from the purchase of rights from the composer and lyricist, and, as so modified, should be confirmed, without costs, and the matter should be remitted to respondents for further proceedings not inconsistent herewith.

GREENBLOTT, J. P., KANE, MAIN and MIKOLL, JJ., concur.

Determination modified by annulling so much thereof as included in petitioner's unincorporated business income gains from the liquidation of the incorporated lighting companies and the royalties received from the use of petitioner's name on the jacket of a recording and from the purchase of rights from the composer and lyricist, and, as so modified, confirmed, without costs, and matter remitted to respondents for further proceedings not inconsistent herewith.