■    In the Matter of LIBERTY COACHES, INC., Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained a diesel motor fuel tax assessment imposed pursuant to article 12-A of the Tax Law. Petitioner and Resort Bus Lines, Inc. (Resort) are duly authorized omnibus carriers which are affiliated by virtue of the fact that their stocks are owned by the same individuals. It is undisputed that both share garage facilities and office space; that Resort did not have its own employees and for most of the time herein pertinent owned no buses of its own; and that all of Resort's operations were performed by petitioner's employees. During the period in issue, petitioner, a bulk purchaser of diesel motor fuel, purchased such fuel for itself and Resort and paid all the diesel motor fuel taxes on the purchases. The fuel was stored in bulk in storage tanks shared by petitioner and Resort and they allocated the cost of the fuel on a miles per hour basis. A notice of determination of tax due was issued to petitioner assessing it approximately $27,750, including interest and penalty, for certain tax credits taken by petitioner for fuel consumed by Resort. Shortly thereafter, claims by Resort for tax credits for taxes paid during the period in question were denied. Following a hearing, respondent State Tax Commission modified the notice of determination of tax due waiving the penalty and interest assessed against petitioner and deeming Resort's claims for tax credit appropriate refund claims for the two years preceding their submission (see Tax Law, § 289-c, subd 6). The assessment against petitioner was reduced by the two-year refund found owing to Resort and it is this reduced amount which is presently in controversy. Petitioner instituted this CPLR article 78 proceeding seeking to annul respondent's determination. Insofar as is herein pertinent, section 282-a of the Tax Law includes as a distributor any person who makes retail sales of diesel motor fuel or who purchases or stores in bulk diesel motor fuel used in whole or in part to operate any motor vehicle owned, leased or operated by him. Pursuant to section 289-c (subd 3, pars [b], [d]) of the Tax Law, omnibus carriers who buy diesel motor fuel are allowed a reimbursement for certain taxes paid provided that such fuel has been consumed by such carrier in the operation of an omnibus in New York State or in the operation of an omnibus in local transit service in New York State pursuant to a certificate of convenience and necessity. A distributor entitled to such a refund may take a credit therefor in lieu of the refund. Petitioner took credits in lieu of refunds for the taxes paid on the diesel fuel it purchased in bulk for both itself and Resort. The record reveals that some of this fuel was consumed by Resort and charged to Resort's account. Respondent determined that petitioner was not entitled to a reimbursement or refund for the fuel consumed by Resort. Considering the clear language of section 289-c (subd 3, par [b]) of the Tax Law, we cannot say that respondent's determination was either irrational or unreasonable and, therefore, it should be upheld *(Matter of Howard v Wyman,* 28 NY2d 434, 438). It is argued by petitioner that the Miscellaneous Tax Bureau has not objected in the past to the manner in which petitioner and others have claimed credits for fuel consumed by affiliates and such implicit approval should be controlling unless shown to be contrary to law. An administrative body, however, may correct

its erroneous interpretation of the law *(Matter of Leap v Levitt,* 57 AD2d 1021, mot for lv to app den 42 NY2d 807). There is substantial evidence to support respondent's determination pursuant to section 289-c (subd 3, pars [b], [d]) and, consequently, the determination should be confirmed. We have considered petitioner's remaining arguments and find them unpersuasive. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.