■ In the Matter of 635 ASSOCIATES, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business tax deficiency. On or about April 1, 1968, petitioner was formed by the execution of a written joint venture agreement. Each of the 29 members contributed so that a total sum of $850,000 was raised and immediately loaned to the 59th and Madison Realty Corp. in exchange for a note and mortgage in that sum so that the latter might purchase the sublease of premises located at 635 Madison Avenue, said lease expiring in 2053. The property consisted of a 19-story building occupied by many commercial tenants. According to the joint venture agreement (par 3), the sole purpose of the venture was to acquire ownership of the mortgage securing its loan and to protect and conserve the same as the best interest of the joint venture dictated. Income tax deficiencies were issued, first for 1975 followed by notices for the years 1971-1974, which totaled approximately $39,000. Petitioner promptly filed for redetermination and requested a hearing. After a hearing on the 1975 notice was scheduled, by stipulation the years 1971-1974 were included. Subsequently, following the hearing, respondent concluded that petitioner was engaged in business for the years 1971-1974 and subject to the unincorporated business tax and canceled the deficiency for 1975. This proceeding followed. Respondent's determination was based primarily on the fact that the evidence demonstrated that on the several New York State income tax returns, in addition to the interest income, there was shown to be "other income" described as "management fees" for 1971-1973 and as "management and sundry fees" on the 1974 return. The only witness at the hearing, one of the joint venturers, was unable to, or chose not to, clearly explain the true nature of this income. He testified that the entire amount of the fees was paid by National Cleaners Corporation who stored their equipment and supplies in the subbasement of 635 Madison Avenue and that petitioner's accountant did not know what to do with the moneys apparently paid and, without petitioner's knowledge or consent, treated the moneys as fees and further testified that petitioner did not perform any function for the fees, managed no property and was not engaged in the cleaning business. Petitioner bears the burden of overcoming tax assessments (*Matter of Young v Bragalini*, 3 NY2d 602, 605) and the determination of the commission may not be disturbed unless shown to be erroneous, arbitrary or capricious (*Matter of Grace v New York State Tax Comm.*, 37 NY2d 193). In light of the record and the somewhat less than satisfactory and convincing explanation by petitioner's witness, it cannot be said that the commission was not entitled to conclude that there was no such showing and that the burden had not been met for it is

entitled to draw any reasonable inference from the evidence. Since respondent's conclusion that petitioner was involved in some business activity can reasonably be inferred from the record, its determination must be upheld (*Matter of Collins v Codd*, 38 NY2d 269, 270-271; *Matter of Meneilly v Tully*, 65 AD2d 874; *Matter of Tripp v State Tax Comm.*, 53 AD2d 763, 764). Likewise, the commission's conclusion that petitioner was not entitled to the exemption under subdivision (e) of section 703 of the Tax Law must be confirmed. Since no evidence is provided to establish that petitioner was an owner of real property, lessee or fiduciary, the section is inapplicable to petitioner (cf. *Matter of Arbesfeld, Goldstein v State Tax Comm.*, 62 AD2d 627, 629, mot for lv to app den 46 NY2d 705). However, we reach a contrary decision with reference to the commission's conclusion that the interest income falls within the ambit of unincorporated business income. The record is devoid of any credible evidence that the interest income had any relationship to the business activity in which the commission found petitioner to have been engaged. Inasmuch as the interest received came solely from a passive investment, the commission's conclusion that it was subject to unincorporated business tax is entirely unsupported and unreasonable and must be annulled (*Matter of Merrick v Tully*, 68 AD2d 289, 296). Accordingly, the determination that interest income falls within the scope of taxable unincorporated business income must be annulled. Determination modified, by annulling so much thereof as sustained the notices of deficiency as to interest income for the years 1971-1974 and, as so modified, confirmed, without costs, and matter remitted to respondent for recalculation of the deficiency in accordance with the decision herein. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.