■ In the Matter of SOFT DRINK LEASING CORPORATION, Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained the denial of refunds for motor fuel tax imposed pursuant to article 12-A of the Tax Law. Petitioner contracted to maintain and service scrubbers, sweepers and fork lifts owned and operated by the Coca-Cola Bottling Company of New York and used solely in Coca-Cola facilities. By the terms of the contract, petitioner was to provide the vehicles with fuel. During

the first three quarters of 1977, petitioner applied for and received refunds of the motor fuel taxes it had paid on the fuel purchases for these vehicles. Thereafter, petitioner's refund applications were rejected and in 1979 the Department of Taxation and Finance sought to recoup the amount refunded in 1977. When petitioner's challenge to the denial of its applications and the 1979 assessment was rejected by respondent, this transferred CPLR article 78 proceeding, limited by stipulation to the propriety of the denial of refunds for the final quarter of 1977 and thereafter, ensued. We confirm respondent's determination. Section 289-c (subd 3, par [a]) of the Tax Law directs reimbursement of motor fuel taxes to "any person who shall buy any motor fuel * * * on which the tax imposed by this article shall have been paid, and shall consume the same in any manner except in the operation of a motor vehicle upon or over the highways of this state". A taxpayer seeking repayment is required to demonstrate that "he has borne the tax and that the motor fuel has been consumed by him in a manner other than the operation of a motor vehicle upon or over the highways of this state" (Tax Law, § 289-c, subd 3, par [c]). That petitioner paid the applicable motor fuel taxes and that the vehicles in question were never operated on State highways is undisputed; at issue is whether petitioner "consumed" the fuel. Respondent concluded, and we find the evidence supports its determination, that it was not petitioner but Coca-Cola that "consumed" the motor fuel. Except on those occasions when they were being maintained and serviced by petitioner, the vehicles normally, and on a daily basis, were operated at Coca-Cola's facilities by the latter's employees. To be eligible for reimbursement, there must be both payment of the tax and use of the fuel. Here, an essential element, use of the fuel by petitioner, is lacking (see *Matter of Liberty Coaches v State Tax Comm.*, 79 AD2d 775). As respondent's determination was not erroneous, arbitrary or capricious, it is to be left undisturbed (*Matter of Grace v New York State Tax Comm.*, 37 NY2d 193, 195-196). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.