■ In the Matter of MIRA OIL COMPANY, Petitioner, v RODERICK G. W. CHU et al., Constituting the New York State Tax Commission, Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an assessment for motor fuel taxes imposed under Tax Law article 12-A.

Petitioner, a gasoline and motor fuel retailer in New York and New Jersey, was determined to have owed $12,150.88 in additional motor fuel tax, plus penalties. This determination was made following an audit of petitioner's records for the period November 1977 through February 1978. Petitioner requested review. Following a hearing, respondents granted the petition only insofar as the number of gallons of motor fuel on which it had been determined that tax had not been paid was reduced for the month of December 1977. Thereafter, petitioner commenced the instant proceeding.

Petitioner is a "distributor" as that term is defined in Tax Law § 282 (1). As a distributor of motor fuel within New York, petitioner was required to register with the Department of Taxation and Finance (Tax Law § 283). Petitioner was also required to file with the Department a monthly report of total gallons sold, accompanied by the proper amount of tax as set forth in Tax Law § 284 (Tax Law § 287). Petitioner did neither.

Petitioner purchased the motor fuel on which respondents determined the tax to be unpaid from a New Jersey distributor, Gasoline Marketers of America (Gasoline Marketers). The particular gallonage involved was purchased by Gasoline Marketers from Sun Oil Company. Petitioner's supplier paid the New Jersey eight cent per gallon motor fuel tax on that fuel. Respondents found that Gasoline Marketers then passed the cost of the New Jersey tax on to petitioner as reflected by invoices covering the period in question.

Gasoline Marketers was a distributor registered with the Department. The essence of petitioner's argument is that Gasoline Marketers, being a registered distributor with the Department, became its agent for the collection of taxes. It being uncontested that petitioner paid Gasoline Marketers the tax on each gallon of gasoline that it received from Gasoline Marketers, petitioner claims that it had completely discharged its tax liability. We disagree. Petitioner itself is clearly a distributor as defined by statute and regulation (Tax Law § 282 [1]; 20 NYCRR 410.1 [b]). Thus, petitioner is primarily liable for filing the necessary return and timely paying the tax to New York (Tax Law § 287; 20 NYCRR 410.2, 410.5).

The fuel was transported into New York by a common carrier who had been engaged and paid by petitioner. The invoices reflect that petitioner was billed by Gasoline Marketers for the gallonage of motor fuel plus the tax Gasoline Marketers had already paid on that fuel. While petitioner is correct that only the New York tax is ultimately due on motor fuel transported into New York for sale here, it is petitioner who bears the responsibility of assuring that the proper tax has been paid.

The burden of proof to overcome tax assessments is upon the taxpayer (Matter of Grace v New York State Tax Commn., 37 NY2d 193, 195-196). Here, petitioner has failed to prove that it met its obligation under Tax Law § 287. The record supports respondents' determination, which is neither irrational nor arbitrary. There is substantial evidence in the record to support that determination and, accordingly, it must be upheld (Matter of Grace v New York State Tax Commn., supra, pp 195-196; Matter of Liberty Coaches v State Tax Commn., 79 AD2d 775-776) unless procedural errors exist.

Finally, petitioner alleges that a number of procedural errors combined to result in denial of a fair hearing. Petitioner contends that because the Department employees who conducted the audit did not testify, the evidence regarding the audit procedure and determination was hearsay and improperly admitted. It is settled law, however, that an administrative determination supported by some substantial evidence retains its validity despite the fact that hearsay evidence was admitted and considered (Matter of Ray v Blum, 91 AD2d 822-823). The substance of petitioner's other assertions of error is the speculation that other evidence may have existed which would somehow aid its cause. This ignores the fact that petitioner has the burden to prove that the tax was properly paid by it to New York. Having failed to do so, there is

sufficient evidence in the record to support respondents' determination (see, Matter of 635 Assoc. v New York State Tax Commn., 95 AD2d 913-914).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.