■ In the Matter of MILDRED C. SCHWEDLER, Individually and as Executrix of WALTER H. SCHWEDLER, Deceased, et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained unincorporated business tax assessments imposed under Tax Law article 23.

The stipulated facts, as amplified by testimony of petitioner

Mildred Schwedler, disclose that decedent established an electrical supply and lighting business in 1937 under the name "Walters Electric-The House of Light" (Walters Electric). Petitioner Schwedler began working for decedent in 1947 and became his business partner in January 1955 and his wife in 1961. Both were knowledgeable regarding real estate, having invested in the real estate market since 1949, and were the sole shareholders of a corporation which owned two buildings in mid-Manhattan.

In late 1955, new owners acquired 740-742 Third Avenue in Manhattan, the buildings Walters Electric had leased for more than a decade, and in which it had just recently invested some $6,000 to air condition the premises, and petitioners were unexpectedly informed that they would be required to vacate in July of 1956 since the structures were to be demolished. On January 3, 1956, after three years of negotiations, petitioners purchased property containing two buildings at 741-743 Third Avenue for an investment. These two buildings were across the street from the building then housing Walters Electric. Petitioners took title to 741-743 Third Avenue as joint tenants with rights of survivorship. Their joint tenancy maintained books, records and bank accounts entirely separate from their partnership, Walters Electric. Funds from the two distinct bank accounts were held in different banks and never commingled.

When efforts to find a new location for the partnership proved futile, Walters Electric leased the ground floor of petitioners' five-story buildings at 741-743 Third Avenue. A formal rental agreement was entered into in August of 1956; it is not claimed that the Walters Electric partnership paid less than fair market rental for the leasehold. In 1967, petitioners sold their real property at 741-743 Third Avenue to a third party in an installment sale. The following year Walters Electric was sold to still another party.

The Audit Division of the Department of Taxation and Finance thereafter notified petitioners that they owed unincorporated business taxes for the years 1968 through 1971 based on the gain and interest income from the 1967 sale of their real property. The auditors reasoned that because the realty had been used in connection with Walters Electric, the income derived from its sale constituted income of the partnership.

Petitioners challenged the assessments. After a hearing, respondent upheld imposition of the tax and collection of the deficiency. At issue in this proceeding is whether there is substantial evidence to support respondent's determination

that the gain and interest income included in installment payments from the sale of the buildings owned by petitioners as joint tenants was income to the partnership, subject to the unincorporated business tax.

As petitioners rightly assert, *Matter of Gaines v Tully* (66 AD2d 106, *affd* 49 NY2d 1008) is controlling. Respondent contended then, as now, that since the property—there a seat on the New York Stock Exchange—"is subject to use by the partnership, any income (gain) derived from its sale by a partner is income of the partnership subject to the unincorporated business tax" *(id.,* p 107). This court rejected that rationale and annulled the assessment, noting: "Analysis shows that the seat, while certainly used in the business of the partnership, was never subject to any ownership control and in particular could not have been sold by the partnership. While the seat was collateral for the protection of all of the partnership's creditors, the seat was not ever made an asset which the partnership could specifically pledge as a part of its business, nor did it appear on the partnership's books or balance sheet" *(id.,* pp 107-108).

Petitioners' case is even more compelling. Their separate and distinct individual bank accounts, not that of the partnership, provided all of the funds with which to purchase the property. Moreover, the partnership agreement was not altered in any way to reflect petitioners' acquisition of the property; neither did Walters Electric carry the realty as an asset on its books or balance sheet. Instead, a formal lease, the legitimacy of which is unquestioned, governed the rental relationship between petitioners and Walters Electric. And each year petitioners separately reported the income derived from the partnership on Federal partnership returns, while the income they derived from their real property was reported on their Federal individual income tax returns. Indeed, petitioners conscientiously observed every formality to insure the separateness of the joint tenancy from that of the unincorporated business of Walters Electric.

It is significant that Walters Electric had no ownership rights or control over the real property. Furthermore, the incidents of ownership by joint tenancy with rights of survivorship do not correspond to those of partnership ownership. For example, any partner may convey property held in the name of the partnership (Partnership Law § 21), while a joint tenant may not convey more than his or her own proportionate interest in the property (2A Warren's Weed, New York Real Property, Joint Tenants, § 1.04 [4th ed]); additionally, a

joint tenant's interest is freely alienable *(id.)*, whereas a partner's interest in specific real property cannot be sold, assigned or attached (Partnership Law § 51 [2] [b], [c]).

Inasmuch as the record evidence establishes that although a portion of petitioners' buildings was used in the business of the partnership, they were not subject to the latter's ownership control, could not be sold by the partnership and were never made or considered one of the latter's assets, respondent's determination should be annulled.

Determination annulled, and petition granted, with costs. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.