plaintiffs and defendant, Abraham C. Grossman. Appellant shall recover of respondents $40 costs and disbursements of this appeal. Plaintiffs claim a 50% interest in a parcel of real property and the nursing home facility located thereon by virtue of a partnership agreement with defendant Abraham Grossman and have instituted this action for conveyance of such interest and related relief. By order, entered July 26, 1974, the action was stayed as to defendant Grossman pursuant to a provision for rabbinical arbitration included in the agreement, dated March 9, 1970, between plaintiffs and defendant Grossman, and the parties to the agreement were directed to proceed to arbitration. Even though the other defendants are not bound by the provision for arbitration, the underpinning of plaintiffs' claims is subject to resolution by arbitration. Indeed, the determination by the arbitrators may be dispositive of the principal portion, if not all, of plaintiffs' alleged rights. A stay of the action appears singularly appropriate under the circumstances. (See *Mid-Atlantic Constr. Corp.* v. *Guido,* 30 A D 2d 232, 238; Eager, Arbitration Contract & Proceedings [1971], § 82, pp. 233–235.) Concur — McGivern, P. J., Markewich, Nunez and Macken, JJ.

In the Matter of THOMAS COLLINS, Petitioner, v. MICHAEL J. CODD, as Police Commissioner of the City of New York, Respondent.— Determination of the respondent Police Commissioner dated December 13, 1973, finding petitioner guilty of Specification No. 1 and imposing a penalty of 10 days' vacation, annulled on the law, without costs or disbursements. Specification No. 1 charged that after having handcuffed Campbell, a woman, the petitioner police officer wrongfully and without just cause, threw her to the ground, put his knee in her back, dragged her to the patrol car, pushed her in and choked her with a nightstick. Petitioner and his partner while on patrol observed a man and woman engaged in a physical struggle. When they first observed the complainant, Campbell, she was striking the man, later identified as Baskerville, about the head with a shoe or slipper. She kept striking him as he was falling to the ground and continued to do so while he was lying face down on the ground. The charge stems from action taken by petitioner in attempting to separate the combatants. Campbell and her daughter testified that Baskerville initiated the altercation and that during that struggle Campbell was grabbed from behind by petitioner, immediately handcuffed, and then subjected to the violence alluded to in this specification. Although Campbell testified that she neither struck nor resisted petitioner, she admitted that she had pled guilty to assaulting him and that the plea was entered on the advice of her counsel. Testimony offered on behalf of petitioner was to the effect that while the officers were in the process of separating combatants, petitioner was immediately assaulted by Campbell. Petitioner's effort to restrain her being to no avail, his partner, who had been attending Baskerville, came to his assistance and handcuffed her. As a result of the assault by Campbell petitioner received facial cuts. The hearing officer found that in the original altercation Baskerville was the wrongful aggressor and that when petitioner attempted to separate Baskerville and Campbell he acted on the erroneous assumption that the latter had initiated the struggle. The hearing officer concluded that petitioner's failure to first ask the combatants questions before taking any action and his failure to determine the facts as to who was the wrongful aggressor before attempting to arrest Campbell was unjustified. It is uncontradicted that when petitioner arrived at the scene Baskerville was being beaten by Campbell. While petitioner was in the process of separating the antagonist, Campbell did not declare that she was innocent of any wrongdoing or that she was merely responding defensively

to Baskerville's earlier actions, but instead assaulted petitioner. In view of these circumstances, all of which are supported by substantial evidence in the record, there was no basis for respondent's conclusion that petitioner acted unprofessionally and unjustifiably here. Moreover there is no evidence indicating that it was possible for petitioner to conduct the inquiry suggested by the hearing officer for petitioner's efforts to restrain Campbell immediately produced the assault by Campbell. Concur — Lupiano, Capozzoli, Lane and Yesawich, JJ.; Nunez, J. P., dissents in the following memorandum: I·find no possible justification for annulling the Police Commissioner's determination. Petitioner was found guilty on competent evidence of having thrown a handcuffed, defenseless woman, a Mrs. Campbell, to the ground, placing his knee on her back, dragging and pushing her to a patrol car and choking her with his nightstick. The mild sanction of a 10-day vacation fine was imposed. At a full hearing before a Trial Commissioner two versions of the incident giving rise to the charges were testified to. The complainant and her 13-year-old daughter related in detail the assault upon the complainant by petitioner. Petitioner and his partner, on the other hand, told a different tale. According to them Mrs. Campbell (described as a "small woman" by petitioner's partner) assaulted petitioner who was compelled to handcuff her in order to restrain her. According to them no more force than necessary was used. The Trial Commissioner credited the version given by the complainant and her 13-year-old daughter. He observed the witnesses and the manner in which they testified. Had he credited petitioner's proof, of course, his finding would have been not guilty, as it was under Specification No. 2. The Commissioner's findings being amply supported by substantial evidence in the record, this court has no power to disturb his determination. (CPLR 7803, subd. 4; *Matter of Pell* v. *Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 N Y 2d 222; *Matter of Stork Rest.* v. *Boland,* 282 N. Y. 256; *Matter of Burke* v. *Bromberger,* 300 N. Y. 248; *Matter of Evans* v. *Monaghan,* 306 N. Y. 312.) The Court of Appeals in *Matter of Pell* (*supra*), adverted to the inadequate understanding and inconsistency in judicial review of administrative disciplinary determinations. *Pell* sought to teach us, apparently in vain, that in article 78 proceedings the doctrine is well settled that neither the Appellate .Division nor the Court of Appeals has power to upset the determination of an administrative tribunal on a question of fact and that the courts have no right to review the facts generally as to weight of evidence, beyond seeing to it that there is "substantial evidence." In *Matter of Weber* v. *Town of Cheektowaga* (284 N. Y. 377), the Court of Appeals, in reversing the order of the Appellate Division and reinstating the determination of the town board, dismissing petitioner for intoxication after an administrative disciplinary proceeding, said (p. 380) that "the determination upon the facts is for the Town Board, and such determination will not be set aside by the courts unless it is unsupported by proof sufficient to satisfy a reasonable man, of all the facts necessary to be proved in order to authorize the determination". (See, also, *Matter of Barsky* v. *Board of Regents of Univ. of State of N. Y.,* 305 N. Y. 89, affd. 347 U. S. 442.) "It is well settled that a court may not substitute its judgment for that of the board or body it reviews *unless* the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion [citations omitted]." (*Matter of Diocese of Rochester* v. *Planning Bd. of Town of Brighton,* 1 N Y 2d 508, 520.) The Police Commissioner's determination should be confirmed.