■ In the Matter of ROBERT DONOVAN, Petitioner, v. ROBERT J. CRONIN, as Mayor of the City of Glens Falls, et al., Respondents.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Warren County) to review a determination of the respondents discharging the petitioner from his position of maintenance number 1 after a hearing held pursuant to section 75 of the Civil Service Law. Petitioner, an honorably discharged World War II veteran and an exempt volunteer fireman, was employed by the City of Glens Falls in one capacity or another since March 1, 1959. After a hearing on written charges, he was discharged from his position of maintenance number 1 in the water department of said city. Respondents found that petitioner, on August 24, 1972, was on call and could not be located; that when located, he was found in a local bar drinking beer and was in no condition to carry on his duties. There is substantial evidence in this record to sustain the charges upon which petitioner was found guilty. Petitioner further maintains that, in any event, the penalty of dismissal was grossly disproportionate to the offense and constituted an abuse of discretion. The record reveals that petitioner worked on August 24, 1972, and was on a " duty roster " that week whereby he was on duty and on call for a 24-hour period each day. The call list was filed with the police and fire departments and was used by them in cases of emergency. Since petitioner was unavailable for a matter of hours and in no condition to carry on his duties when located, the city had no one on call during that night in case of an emergency. The record further reveals that, on a prior occasion, petitioner, while on regular duty, had spent time in a bar drinking and was warned that another such offense would bring about his discharge. Under these circumstances, dismissal was warranted. Determination confirmed, and petition dismissed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.

## (December 19, 1974)

■ THOMAS PALLOZZI, an Infant, by CARMEN PALLOZZI, His Parent, Respondent, v. RAYMOND F. STEVENS, Appellant.— Motion to amend decision dated October 31, 1974 [46 A D 2d 738], granted, without costs, and decision amended to read as follows: " Judgment, Supreme Court, Albany County, entered on January 11, 1973, affirmed, with costs. No opinion." Herlihy, P. J., Cooke, Sweeney, Kane and Reynolds, JJ., concur.