Memorandum. The order of the Appellate Division should be reversed, with costs, and the determination of Police Commissioner reinstated.
At a departmental hearing on two charges of misconduct, the trial commissioner heard conflicting testimony as to the happening of events on the evening of August 2, 1972 from complainant and her daughter on the one hand and from petitioner, his partner and two fellow officers on the other. Crediting the testimony of complainant and her daughter, the hearing officer found petitioner guilty of a specification which charged that "after having handcuffed [complainant], [petitioner] did wrongfully and without just cause throw her to the ground, put his knee in her back, drag her to [a patrol car], push her in and choke her with a night stick”. Upon review, the Police Commissioner confirmed the findings and fined petitioner 10 days’ vacation.
The Appellate Division, one Justice dissenting, annulled the commissioner’s determination stating that in its view of the circumstances, assertedly supported by substantial evidence, "there was no basis for respondent’s conclusion that petitioner acted unprofessionally and unjustifiably here” (46 AD2d 864, 865).
There must be a reversal. The testimony posed a clear-cut issue as to the veracity of the witnesses; and where substantial evidence exists, as it clearly does here, to support the administrator’s determination, that determination must be sustained, irrespective of whether a similar quantum of evidence is available to support other varying conclusions. As Chief Judge Lehman so appropriately wrote in Matter of Stork Rest. v Boland (282 NY 256, 267): "Where there is conflict in the testimony produced * * * where reasonable men might differ as to whether the testimony of one witness *271 should be accepted or the testimony of another be rejected, where from the evidence either of two conflicting inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists”. (See, also, Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231, 233; Matter of Avon Bar & Grill v O’Connell, 301 NY 150, 153.)
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.