■ In the Matter of CHESTER SUCHOCKI, Petitioner, v MICHAEL A. AMICO, as Sheriff of Erie County, Respondent.—Determination unanimously confirmed, without costs. Memorandum: This is an article 78 proceeding to review petitioner's discharge as a Deputy Sheriff of Erie County. After a statutory hearing (Civil Service Law, § 75), respondent found that petitioner had violated the rules of the Erie County Sheriff's department in that while on road patrol petitioner went "out of service" to engage in a private business matter and refused to tell the communications clerk where he was or how he could be contacted; that while out of service but still in uniform he drank alcoholic beverages in a public tavern and later fell asleep in his vehicle while on duty. The record contains substantial evidence to support the finding of the hearing officer. The medical evidence offered by petitioner to explain his conduct went only to the weight of the evidence *(Matter of Collins v Codd,* 38 NY2d 269, 270–271). Petitioner also contends that he was denied due process because the rules against drinking on duty and requiring that a deputy give a number where he can be reached when "out of service" were not written rules and, therefore, subject to change at the whim of the department. There is substantial evidence, however, including admissions by petitioner, that the rules were well known by all the deputies and understood by petitioner. In the proper exercise of our power of review (see *Matter of O'Connor v Frank,* 38 NY2d 963), we do not find the penalty of discharge excessive (see *Matter of Donovan v Cronin,* 46 AD2d 976). We find no merit to respondent's contention that this proceeding is barred by the Statute of Limitations or petitioner's laches. (Article 78 proceeding transfer-

red by order of Erie Supreme Court.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.