■ In the Matter of ANTHONY DENMARK, Petitioner, v EDWARD CON-

LEY, as Mayor of the City of Ithaca, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Chenango County) to review a determination of the Mayor of the City of Ithaca, confirming the suspension, for five days, of petitioner by the acting Chief of Police. Petitioner is a police officer in the City of Ithaca. By letter dated August 22, 1977, he was advised that charges were filed against him pursuant to subdivision 2 of section 75 of the Civil Service Law as a result of his activities on August 10, 1977. Specifically, he was charged with improper use of his revolver in violation of paragraphs 86 and 15 of the Ithaca Police Department Rules and Regulations, and was suspended without pay for five days. After a hearing he was found guilty and the suspension confirmed. The instant article 78 proceeding was commenced and the matter transferred to this court. Pursuant to section 75 of the Civil Service Law, one may be disciplined only for incompetency or misconduct and the burden of establishing same shall be on the person alleging it. While we are aware of the limitations on our scope of review *(Matter of Collins v Codd,* 38 NY2d 269), considering the instant record in its entirety we are of the view that there is no substantial evidence to sustain the determination. It is undisputed that in the early evening of August 10, 1977, petitioner was on duty as a police officer; that he observed one Allen walking on the street in Ithaca; that he ordered Allen to halt and said "you are under arrest"; that Allen disobeyed the order and fled; that petitioner pursued him for several blocks; that during the chase petitioner removed his revolver from his holster; that the chase concluded in an alley where Allen hid in a clump of bushes; that with the aid of another officer Allen was apprehended; and that the weapon was not discharged and no one was injured. At the hearing petitioner also testified that he believed Allen was wanted by the police; that during the chase he observed Allen reach into his right trouser pocket and appear to remove something petitioner thought was a weapon; and that while Allen was being handcuffed petitioner held the revolver about three feet from Allen's head. Another officer testified that he believed Allen had something in his hand while being pursued. Captain Scaglione, the complainant, testified that he came upon the scene in answer to a radio call; that it was raining and he did not leave the vehicle; that when he first saw petitioner he had his weapon out, pointed towards the head of Allen who was lying on the grass; and that the weapon was a few inches from Allen's head. It also developed at the hearing that there was a warrant out for Allen's arrest. The Ithaca Police Department regulations in question prohibit indiscriminate, unjustifiable and careless use of a revolver and employing a weapon against any person while on duty without just or reasonable cause. At the outset, we note that petitioner, like all police officers, is engaged in a dangerous occupation often requiring split second action. In making an arrest, he is concerned with the safety of the public, the culprit, fellow officers and, equally important and understandable, himself. In the instant case, the culprit fled after being told he was under arrest. He hid in some bushes after removing from his clothes what appeared to petitioner to be a weapon. A warrant for his arrest had in fact been issued that afternoon. Under these precipitous circumstances, petitioner's actions were neither unjustifiable nor careless. Respondent, in our opinion, has failed, as a matter of law, to establish misconduct or incompetency on petitioner's part. The determination, therefore, should be annulled and, accordingly, petitioner should be reimbursed for the full amount of his lost pay, with interest; the charges should be dismissed and all references to the charges and disciplinary proceedings related thereto

should be deleted from petitioner's employment record. Determination annulled, with costs, and matter remitted to the Mayor of the City of Ithaca for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.