## (December 20, 1979)

■ In the Matter of SHARON PHILLIPS, Petitioner, v COUNTY OF ST. LAWRENCE et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in St. Lawrence County) to review a determination of the respondent Commissioner of the St. Lawrence County Department of Social Services which found petitioner guilty of various charges of misconduct. Petitioner was a caseworker with the St. Lawrence County Department of Social Services whose duties included checking on the foster home status of infants. Pursuant to section 75 of the Civil Service Law, she was charged with making false entries in her records concerning various meetings with infants placed under her supervision. After a hearing was held, petitioner was found guilty of falsifying her records on 10 different occasions and a penalty was imposed which demoted her from grade 23 to grade 18 and

suspended her without pay for two months. We find the arguments raised by petitioner in this article 78 proceeding to be without merit. The hearing produced conflicting testimony regarding the visits made by petitioner which raised questions of credibility for the agency to resolve. Once the agency chose to credit the testimony of those witnesses who stated that the disputed visits did not occur, it can hardly be argued that the commissioner's determination is unsupported by substantial evidence (see *Matter of Collins v Codd,* 38 NY2d 269). Furthermore, we see no reason to disturb the penalty imposed upon petitioner. Since the reason for requiring a caseworker to periodically visit with children placed under the jurisdiction of the Department of Social Services is to protect them from harmful situations, petitioner's misconduct might well have justified the sanction of dismissal, since the infants involved were exposed to a high degree of danger. In view of this, we do not find the penalty of grade demotion and temporary suspension without pay to be shocking to our sense of fairness (*Matter of Pell v Board of Educ.,* 34 NY2d 222). Accordingly, the determination of the commissioner should be confirmed and the petition dismissed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.