■ CHARLES CRANFORD, III, Petitioner, v BRENDAN SEXTON, as Commissioner of the New York City Department of Sanitation, et al., Respondents.—Petition, pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (William J. Davis, J.), entered August 23, 1989, seeking to annul a determination of respondent Commissioner of the Department of Sanitation dated January 24, 1989 which dismissed petitioner from his position as a sanitation worker, unanimously denied, the determination confirmed, and the proceeding dismissed, without costs.

On November 19, 1987, petitioner and his co-worker were involved in the solicitation and receipt of $20 in bribe money for the pickup of some bulk refuse in Brooklyn. An undercover investigator, acting as a porter, testified during the departmental hearing that petitioner and his partner both solicited and received $10 each for the removal of a couch and a refrigerator. The transaction was videotaped and recorded with hidden equipment.

On this appeal, petitioner argues that the undercover investigator's credibility was undermined by the videotape of the transaction and that the penalty of dismissal was excessive. These arguments are meritless.

The issue of credibility is not one properly before this court *(Matter of Mamarella v Ward,* 155 AD2d 372 [1st Dept 1989]). Nor can it be said that the videotape controverts the Department's allegations. The video is inconclusive, except to estab-

lish that petitioner was standing within earshot of his partner when the negotiation for money was commenced.

Petitioner's dismissal is not so disproportionate as to be shocking to the court's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222). In view of petitioner's prior disciplinary problems and the Department's duty to maintain the integrity of its employees, the Commissioner's penalty was not an abuse of discretion. Concur—Carro, J. P., Kassal, Ellerin, Wallach and Rubin, JJ.