■ In the Matter of CHARLES B. BROWN, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Police Commissioner of the City of New York, dated November 17, 1988, which, after a hearing, found petitioner guilty of six departmental charges and specifications, and imposed a penalty of forfeiture of 15 vacation days and six months' disciplinary probation, is unanimously confirmed, the petition is denied, and the proceeding, brought pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, New York County [Edward Lehner, J.], entered on or about Apr. 14, 1989), is dismissed, without costs.

Upon examination of the record, we conclude that there was substantial evidence to support the Commissioner's determination of petitioner's guilt of having, *inter alia,* absented himself from his assigned security post at the United Nation's Chinese Mission for 10 minutes on June 3, 1988; failed to remain alert at said post earlier that day and on a subsequent date (June 4, 1988); absented himself from his Lincoln Center post for approximately 12 minutes on June 12, 1988; failed to make an activity log entry of said absence; and failed to notify the desk sergeant of his presence at the 20th Precinct station house when reporting for unit training on June 3, 1988. *(See, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176.)

The credited testimony of police officers Sergeant Mark Orefice, Captain James Wynne, and Lieutenant Robert Lord provided sufficient evidence to sustain the challenged determination. Notably, the Hearing Officer expressly rejected the testimony given by petitioner with respect to several of the charges. As the duty of weighing the evidence and choosing between conflicting testimony rests solely with the administrative agency *(see, Matter of Collins v Codd,* 38 NY2d 269, 270-271), we do not disturb the Hearing Officer's substantive findings, which are rationally based in the record. *(See, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231.)

Considering the multiple charges and specifications of which petitioner was found guilty, the penalty imposed was not so disproportionate to the offenses as to shock one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d, *supra,* at 233). Concur—Ross, J. P., Carro, Kassal, Ellerin and Rubin, JJ.