■ In the Matter of THOMAS HICKEY, Petitioner, v BENJA-MIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Proceeding, pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (Edward Lehner, J.), entered on or about May 12, 1989, seeking to annul a determination of respondent Police Commissioner of the City of New York, dated January 13, 1989, which imposed a penalty of 30 days' suspension plus 12 months' probationary status, is unanimously dismissed, the petition denied, and the determination confirmed, without costs.

We find there was substantial evidence to support the Commissioner's determination that petitioner used excessive force against one James King, without just cause, when he pushed Mr. King, as well as struck him in the face with a portable radio, while trying to effect a stop and inquiry. Additionally, substantial evidence existed to show that petitioner failed to prepare a stop and frisk report subsequent to his search of Mr. King; that he failed to effect the arrest of Mr. King for possession of marihuana; and that he failed to seize and voucher the marihuana found on Mr. King's person *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176).

The credited testimony of eyewitnesses Verhonda Perry, her husband, Richard Perry, and Mr. King provided sufficient evidence to sustain respondents' determination of petitioner's guilt to the charges preferred against him. Notably, the Hearing Officer expressly rejected petitioner's testimony. As the

duty of weighing the evidence and choosing between conflicting evidence rests solely with the administrative agency *(see, Matter of Collins v Codd,* 38 NY2d 269, 270-271), we find no reason to disturb the Hearing Officer's substantive findings, which are rationally based on the record *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231).

Considering the serious nature of the multiple charges and specifications of which petitioner was found guilty, the penalty imposed was not so disproportionate to the offenses as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d, *supra,* at 233). Concur—Ross, J. P., Milonas, Kassal, Wallach and Rubin, JJ.