(September 13, 1990)

■ In the Matter of DENNIS CARMODY, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Police Commissioner of the City of New York, dated April 10, 1988, which required petitioner's forfeiture of pay, benefits and service time lost during a nine-day period of suspension, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of Sup Ct, NY County [Irving Kirschenbaum, J.], entered on or about Nov. 16, 1988), is dismissed without costs or disbursements.

We find substantial evidence in the record to support the Commissioner's determination that petitioner, while safeguarding an injured prisoner in a hospital emergency room on May 31, 1987, wrongfully jeopardized the prisoner's health by failing to comply with the medical instructions of an X-ray technician, engaged in a verbal altercation with the attending physician, and unjustifiably grabbed the physician's smock *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). The duty of weighing the evidence and choosing between conflicting evidence rests solely with the administrative agency *(see, Matter of Collins v Codd,* 38 NY2d 269, 270-271), and we find no reason to disturb the Hearing Officer's substantive findings, all of which are rationally based in the record *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231).

The penalty imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ., supra,* at 233). Concur—Murphy, P. J., Sullivan, Milonas, Asch and Smith, JJ.