■ In the Matter of JOHN QUINN, Petitioner, v BERNARD B. KERIK, as Police Commissioner of the City of New York, et al., Respondents. [757 NYS2d 850] —Determination of respondent Police Commissioner, dated July 11, 2001, which placed petitioner on probation dismissal for a period of one year pursuant to Administrative Code of the City of New York § 14-115 (d) and imposed upon petitioner a forfeiture of 30 vacation days, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Rosalyn Richter, J.], entered March 12, 2002) dismissed, without costs.

The testimony of the complainants, duly credited by the administrative hearing officer (*see Matter of Berenhaus v Ward,* 70 NY2d 436, 443 [1987]), constituted substantial evidence to support specifications charging petitioner with use of excessive force, discourtesy and committing a false arrest (*see Matter of Miller v Kerik,* 299 AD2d 267 [2002]). Accordingly, the determination finding petitioner guilty of such specifications may not be disturbed (*see Matter of Collins v Codd,* 38 NY2d 269, 270-271 [1976]). The penalty imposed does not shock our sense of fairness (*see Matter of Kelly v Safir,* 96 NY2d 32, 39-40

[2001]; *Matter of Hickey v Ward,* 161 AD2d 495 [1990]). Concur—Buckley, P.J., Nardelli, Sullivan, Rosenberger and Wallach, JJ.