■ In the Matter of CARL CUTHBERT, Petitioner, v KEVIN P. FARRELL, as Commissioner of Sanitation of the City of New York, Respondent. [758 NYS2d 64] —Determination of respondent New York City Department of Sanitation Commissioner, dated November 8, 2001, which terminated petitioner's employment as a sanitation worker, upon findings that he accepted a gratuity and violated respondent's Trade Waste Directive, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Walter Tolub, J.], entered April 22, 2002) dismissed, without costs.

Respondent's determination is supported by substantial evidence (see Matter of Pell v Board of Educ., 34 NY2d 222, 231-232 [1974]), including a videotape showing petitioner collecting a five-to-six-foot-high pile of discarded carpeting and other garbage from the front of a two-story house, apparently without obtaining the supervisory permission required by respondent's Trade Waste Directive in such circumstances; and showing petitioner accepting what reasonably appears to be a gratuity for collecting the unusually large load of garbage. While the videotape and other evidence received at the administrative hearing were in some respects susceptible of interpretations different from those made by the hearing officer, the evidence supporting the administrative determination was nonetheless substantial and, accordingly, the determination may not be judicially disturbed (see Matter of Collins v Codd, 38 NY2d 269, 270 [1976]).

Termination based on the conduct before us is not unfair (see Matter of Pell, 34 NY2d at 233; Cranford v Sexton, 159 AD2d 348, 349 [1990]). Concur—Mazzarelli, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.