■ In the Matter of PAUL ANDRUSZKIEWICZ, Petitioner, v JOHN J. DOHERTY, as Commissioner, New York City Department of Sanitation, Respondent. [923 NYS2d 466]—

Determination of respondent, dated October 9, 2009, which terminated petitioner's employment as a sanitation worker, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [O. Peter Sherwood, J.], entered on or about May 3, 2010), dismissed, without costs.

The finding that petitioner accepted a gratuity in exchange for collecting trade waste is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). Such evidence includes a videotape made by a citizen showing petitioner and his partner loading a vast amount of debris into the sanitation truck (*see Matter of Cuthbert v Farrell*, 305 AD2d 180 [2003]). Furthermore, the hearsay testimony of respondent's investigator, who interviewed and obtained the statement made by the woman who provided the gratuity, was "sufficiently relevant and probative" to constitute substantial evidence that petitioner accepted a gratuity (*Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990] [internal quotation marks and citations omitted]). There exists no basis to disturb the credibility determinations of the administrative law judge (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]).

The penalty of termination does not shock our sense of fairness (*see Matter of Cuthbert*, 305 AD2d at 180).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Catterson, Moskowitz and Manzanet-Daniels, JJ.