Matter of New York City Health & Hosps. Corp. v Zucker (2019 NY Slip Op 04770)





Matter of New York City Health & Hosps. Corp. v Zucker


2019 NY Slip Op 04770


Decided on June 13, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2019

Friedman, J.P., Richter, Tom, Gesmer, Moulton, JJ.


9617 155746/17

[*1]In re New York City Health and Hospitals Corporation, Petitioner,
v
Howard A. Zucker, M.D., etc., et al., Respondents.


Katten Muchin Rosenman LLP, New York (Joseph V. Willey of counsel), for petitioner.
Letitia James, Attorney General, New York (Matthew William Grieco of counsel), for respondents.



Determination of respondent New York State Department of Health, dated February 23, 2017, which, after a hearing, affirmed the findings of an audit conducted by respondent Office of the Medicaid Inspector General (OMIG) disallowing approximately $1.44 million in Medicaid payments claimed by petitioner for medical care rendered to five undocumented aliens, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [John J. Kelley, J.], entered June 14, 2018), dismissed, without costs.
Respondents rationally construed the governing Medicaid statutory and regulatory framework as limiting reimbursable treatment for care for undocumented aliens' "emergency medical conditions" to treatment for acute symptoms, not extending to treatment for chronic conditions not manifesting in acute symptoms (see 42 USC § 1396b[v][3]; 42 CFR 440.255[b][1]; Social Services Law § 122[1][e]; 18 NYCRR 360-3.2[j][1][iii]; Greenery Rehabilitation Group, Inc. v Hammon , 150 F3d 226, 232-233 [2d Cir 1998]).
Substantial evidence supports respondents' determination that petitioner failed to meet its burden of presenting documentation showing that its care for "emergency medical conditions" on the dates at issue was reimbursable (18 NYCRR 519.18[d][1]; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights , 45 NY2d 176, 180 [1978]). Petitioner's contentions are largely premised on a misconstruction of the Medicaid framework as permitting reimbursement for treatment of emergency medical conditions — such as a course of antibiotics for an infection initially manifesting with a fever — even after the emergent condition — the fever — has subsided. In any event, during days of hearing testimony, OMIG's peer reviewer explained his decisions whether to allow or disallow the hundreds of claims at issue, citing documentary evidence that he had examined. To the extent petitioner points to other evidence that might have [*2]supported different outcomes, it is unavailing, as we "may not weigh the evidence or reject the choice made by [OMIG] where the evidence is conflicting and room for choice exists" (see Matter of Collins v Codd , 38 NY2d 269, 270-271 [1976] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 13, 2019
CLERK