Lanmark Group, Inc. v New York City Sch. Constr. Auth. (2023 NY Slip Op 01368)

Lanmark Group, Inc. v New York City Sch. Constr. Auth.

2023 NY Slip Op 01368

Decided on March 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 16, 2023

Before: Friedman, J.P., González, Kennedy, Shulman, Pitt-Burke, JJ. 

Index No. 651977/14 Appeal No. 17527 Case No. 2021-03408 

[*1]Lanmark Group, Inc., Plaintiff-Appellant,
v
New York City School Construction Authority, Defendant-Respondent.

Milber Makris Plousadis & Seiden, LLP, Woodbury (Joseph J. Cooke of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for respondent.

Order, Supreme Court, New York County (Lewis J. Lubell, J.), entered on or about August 18, 2021, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established its prima facie entitlement to summary judgment by furnishing competent evidence that the delays plaintiff faced were contemplated within the parties' contract (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309 [1986]). Plaintiff asserted in its complaint that it incurred damages because of uncontemplated delays that arose when it was obliged to pay tradespeople for eight hours of work even though they worked only five hours per day. However, defendant's bid solicitation letter stated that the winning bidder would agree to the project labor agreement (the PLA) between defendant and the Building and Construction Trades Council of Greater New York and Vicinity; the letter provided a link to the PLA, which stated that each worker needed to be paid for eight hours each day even if the worker actually worked fewer hours. In addition, one of the exhibits to the contract required all weekday work to be performed after 3:00 p.m. from Monday to Friday. Plaintiff also warranted when it entered into the contract that it was "familiar with all federal, state, and other laws, ordinances, orders, rules, codes and regulations affecting the Work required under the Contract," including relevant sections of the New York City building code allowing weekend work and work after 6:00 p.m. on weekdays only through an authorization from the New York City Department of Buildings, which the Department might or might not decide to issue. Together, these facts make clear that plaintiff was aware of at least the possibility that tradespeople would be able to work as little as three hours per day (see Bovis Lend Lease (LMB), Inc. v Lower Manhattan Dev. Corp., 108 AD3d 135, 147 [1st Dept 2013]).
Defendant also furnished sufficient evidence showing that it did not breach a fundamental obligation of the contract — namely, that tradespeople be able to work an eight-hour shift. Contrary to plaintiff's position that the PLA required that tradespeople be permitted to work a full eight-hour shift, the PLA required only that they be paid for an eight-hour shift (see Corinno Civetta Constr. Corp., 67 NY2d at 309). Moreover,
although the mandate to follow the PLA's eight-hour pay requirement was in some sense imposed by defendant, plaintiff agreed to this requirement in entering into the contract.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2023