Matter of Doe v SUNY Brockport (2023 NY Slip Op 01368)

Matter of Doe v SUNY Brockport

2023 NY Slip Op 01368

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, BANNISTER, AND OGDEN, JJ.

2 TP 22-01494

[*1]IN THE MATTER OF JOHN DOE, PETITIONER,
v
SUNY BROCKPORT, RESPONDENT. 

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JILL L. YONKERS OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (CHRIS LIBERATI-CONANT OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Victoria M. Argento, J.], entered July 14, 2022) to review a determination of respondent. The determination found petitioner responsible for various violations of respondent's code of student conduct and imposed a penalty. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: In this CPLR article 78 proceeding transferred to this Court pursuant to CPLR 7804 (g), petitioner seeks to annul a determination finding him responsible for violations of respondent's code of student conduct and, inter alia, suspending him for a period of two years. We confirm the determination.
In reviewing the determination here, this Court "must accord deference to the findings of the administrative decision-maker" and has " 'no right to review the facts generally as to weight of evidence, beyond seeing to it that there is substantial evidence' " (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045 [2018]; see generally CPLR 7803 [4]). Substantial evidence is "less than a preponderance of the evidence . . . and demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Haug, 32 NY3d at 1045-1046 [internal quotation marks omitted]). Where there is substantial evidence to support a determination, the "determination must be sustained, irrespective of whether a similar quantum of evidence is available to support other varying conclusions" (Matter of Collins v Codd, 38 NY2d 269, 270 [1976]; see Haug, 32 NY3d at 1046). Further, in considering whether a determination is supported by substantial evidence, it is "the province of the hearing board to resolve any conflicts in the evidence and make credibility determinations" (Haug, 32 NY3d at 1046).
Here, the question is not whether petitioner violated a law or regulation of the State of New York, but whether petitioner violated respondent's code of student conduct, with which petitioner agreed to comply when he enrolled as a student. Contrary to petitioner's contention, respondent's determination after a hearing that petitioner violated certain provisions of the code governing sexual contact between students is supported by substantial evidence. In finding petitioner responsible for the alleged violations, respondent applied the code's definition of "[a]ffirmative consent," which provides that consent must be "active, not passive" and must consist of "words or actions [that] create clear permission regarding [a person's] willingness to engage in the sexual activity." As defined, affirmative consent does not include "[s]ilence or lack of resistance" and a person may be unable to affirmatively consent depending upon the degree of their intoxication due to alcohol, drugs, or other intoxicants. Further, the code provides that the charged student's own intoxication is not a defense to an allegation of sexual [*2]misconduct. Here, after affording due deference to respondent's credibility determinations and its weighing of the conflicting evidence, we conclude that there is substantial evidence in the record to support respondent's determination and, thus, we "may not substitute [our] judgment for that of [respondent], even if [we] would have decided the matter differently" (id.).
Contrary to petitioner's further contention, we conclude that respondent substantially adhered to its own procedural rules during the disciplinary proceeding and did not otherwise fail to act as a fair and detached factfinder (see Matter of Alexander M. v Cleary, 205 AD3d 1073, 1078 [3d Dept 2022]; Matter of Mavrogian v State Univ. of N.Y. at Buffalo, 186 AD3d 975, 975 [4th Dept 2020]; see also Matter of Agudio v State Univ. of N.Y., 164 AD3d 986, 991-992 [3d Dept 2018]).
We also reject petitioner's contention that the sanctions imposed by respondent were "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974] [internal quotation marks omitted]). Petitioner's additional challenge to the sanctions imposed was not raised during the administrative process or on the administrative appeal and, thus, it is not properly before us (see Mavrogian, 186 AD3d at 977; see generally Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court