■ In the Matter of SABRA BAKER, Petitioner, v RICHARD KOEHLER, as Correction Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Correction Commissioner of the City of New York, dated November 30, 1988, which dismissed petitioner from her position as a correction officer, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of Sup Ct, NY County, entered on Sept. 7, 1989) is dismissed without costs or disbursements. The clerk is directed to enter judgment in favor of respondents dismissing the proceeding.

There was substantial evidence in the record to support the Commissioner's determination that petitioner failed to obey a lawful order to submit to a urinalysis exam on or about April 14, 1988, and to sustain the other charges. The testimony of the Department's witnesses that petitioner, on April 14, 1988, was observed to be completely disheveled, glassy eyed, incoherent and confused, provided a reasonable suspicion of narcotics use. Notably, the Hearing Officer, based on petitioner's demeanor and testimony, found petitioner to be less than

credible. As the duty of weighing the evidence and choosing between conflicting accounts rests solely with the administrative agency *(see, Matter of Collins v Codd,* 38 NY2d 269, 270-271), we find no reason to disturb the Hearing Officer's substantive findings which are rationally based in the record *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222).

In view of the nature of the instant charges, and petitioner's unsatisfactory employment record during her brief tenure as a correction officer, we find the penalty imposed not so disproportionate to the offenses as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ., supra).* Concur—Ross, J. P., Rosenberger, Asch, Kassal and Wallach, JJ.