In the Matter of JOSEPH SARRO, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Police Commissioner dated December 8, 1988, which after a hearing dismissed petitioner from his position as a police officer, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of Sup Ct, NY County, Martin Stecher, J., entered Oct. 6, 1989) is dismissed without costs and without disbursements.

Petitioner was found to have wrongfully attempted to purchase a quantity of a controlled substance. The petition presents only issues relating to the credibility of the Department witnesses. It is well settled that " '[w]here there is a conflict in the testimony produced * * * where reasonable men might differ as to whether the testimony of one witness should be accepted or the testimony of another be rejected, where from the evidence either of two conflicting inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists' " *(Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444, quoting *Matter of Stork Rest. v Boland,* 282 NY 256, 267, quoted in *Matter of Collins v Codd,* 38 NY2d 269, 270-271). The credited testimony herein provided substantial

evidence for the determination. The penalty imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness. *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 237.) Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.