■ In the Matter of ELLIS RICE, Petitioner, v ALLYN R. SIELAFF, as Correction Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Commissioner of Correction, dated May 31, 1990, which dismissed the petitioner from his position as a correction officer, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78, transferred to this Court by order of the Supreme Court, New York County (Bruce McM. Wright, J.), entered March 8, 1991, is dismissed, without costs.

Petitioner was charged with refusing a direct order by a superior officer to submit to a urinalysis examination. The undisputed testimony of several Department officials as to petitioner's dilated eyes, perspiring forehead and irrational behavior "clearly supported a reasonable suspicion of drug usage sufficient to support the order that petitioner be tested" *(Matter of Jeffrey v Koehler,* 166 AD2d 356, 357). It being undisputed that petitioner refused to submit to the urinalysis, substantial evidence exists to support the Commissioner's determination that petitioner refused to obey a lawful order *(see, Matter of Baker v Koehler,* 166 AD2d 240). In view of the nature of the charge, and petitioner's unsatisfactory employment record and psychological problems, we find that the

penalty of dismissal was not so disproportionate to the offenses as to shock one's sense of fairness *(supra,* at 241). Nor is there merit to petitioner's contention that he was denied administrative due process. The record shows that the Hearing Officer provided petitioner with ample opportunity to participate by rescheduling hearings and offering him a chance to submit evidence after the hearing was concluded. Petitioner, however, declined to participate meaningfully in the proceedings. Concur—Murphy, J. P., Rosenberger, Ellerin, Kupferman and Kassal, JJ.