■ In the Matter of TIMOTHY KEYS, Petitioner, v ANTHONY J. SCHEMBRI, as Correction Commissioner of the City of New York, et al., Respondents. [639 NYS2d 23]

We find that there is substantial evidence in the record to support the Commissioner's determination finding petitioner guilty of insubordination, verbal and physical assault upon coworkers, and refusal to submit to a urinalysis drug test (*see, Matter of Sarro v Ward*, 166 AD2d 329) and terminating petitioner's employment. The testimony of three correction officers and two captains established that petitioner had engaged

in conduct unbecoming an officer and insubordination by verbally abusing, threatening and physically striking a superior officer with his fists, by hitting another correction officer with his vehicle and by repeatedly refusing to obey a captain's order to stop and produce his departmental identification as directed. There was also substantial evidence to support the finding that petitioner had refused to obey a direct and lawful order to submit to a urinalysis drug test and that there was reasonable suspicion to warrant urinalysis testing to determine whether the irrational, violent and threatening behavior displayed by petitioner in three separate incidents during a period of several hours was caused by recent drug use (*see, Matter of King v McMickens*, 120 AD2d 351, *affd* 69 NY2d 840, 842; *Matter of Rice v Sielaff*, 181 AD2d 502).

The penalty of termination of employment was not so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 234). Concur—Rosenberger, J. P., Ellerin, Rubin, Kupferman and Tom, JJ.