Matter of Frank C. v Poole (2023 NY Slip Op 01161)

Matter of Frank C. v Poole

2023 NY Slip Op 01161

Decided on March 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2023

Before: Renwick, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 157601/20 Appeal No. 17449 Case No. 2022-01030 

[*1]In the Matter of Frank C., Petitioner,
v
Sheila Poole, as Commissioner of the New York State Office of Children and Family Services et al., Respondents.

Holwell Shuster & Goldberg LLP, New York (Scott M. Danner of counsel), for petitioner.
Letitia James, Attorney General, New York (Cleland B. Welton II of counsel), for Sheila J. Poole, as Commissioner of the New York State Office of Children and Family Services, respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Josh Liebman of counsel), for Administration for Children's Services, respondent.

Determination of respondent New York State Office of Children and Family Services (OCFS), dated December 10, 2019, which, after a hearing, denied petitioner's request to amend and to seal an indicated report finding maltreatment of his children, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Debra James, J.], entered on or about February 4, 2022), dismissed, without costs.
OCFS's determination that petitioner had maltreated his children by committing acts of domestic violence while they were in the home is supported by substantial evidence, including a domestic incident report and progress notes from an ACS caseworker (see Matter of Gargano v New York State Off. of Children & Family Servs., 133 AD3d 556 [1st Dept 2015]; see also Matter of Jeaniya W. [Jean W.], 96 AD3d 622, 623 [1st Dept 2012]). Petitioner's former wife, I.C., and the children reported a history of conflict and domestic abuse, and their statements were corroborated by audio and video recordings of petitioner verbally abusing I.C. As "the duty of weighing the evidence and choosing between conflicting accounts rests solely with the administrative agency" (Matter of Baker v Koehler, 166 AD2d 240, 241 [1st Dept 1990]), the Administrative Law Judge's finding that petitioner maltreated his children should not be disturbed.
Substantial evidence also supports respondent's determination that the maltreatment was "relevant and reasonably related" to employment as a childcare provider, the adoption of a child, or the provision of foster care (see Social Services Law § 422 [8][c][ii]). The Administrative Law Judge sufficiently addressed the relevant guideline factors and noted, among other things, the seriousness of petitioner's conduct and his failure to rehabilitate himself since the domestic violence incident (Social Services Law § 424-a [5]; see Matter of Fields v New York State Off. of Children & Family Servs., 198 AD3d 454 [1st Dept 2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2023